UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERRANTINO,<br><br>    Plaintiff,<br><br>    v.<br><br>YOLO COUNTY TRANSPORTATION DISTRICT, et al.,<br><br>    Defendants. | No.  2:14-cv-2590 JAM DAD PS<br><br><br>ORDER |

   Plaintiff Anthony Ferrantino is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

   Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State

Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

     Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

     The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

     Plaintiff's complaint also fails to contain a demand for judgment for the relief plaintiff seeks.  In this regard, the complaint merely asserts that plaintiff seeks "monetary damages and injunctive relief," without any further elaboration or explanation as to the amount of monetary damages or what type of injunctive relief plaintiff seeks.

/////

Perhaps most importantly, plaintiff's complaint also fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint consists merely of one paragraph in which plaintiff alleges that the "defendants" assaulted and discriminated against him, that the assault occurred on May 31, 2014, that the discrimination occurred on December 24, 2013, and that plaintiff "wishes the court to hear [his] case in light of federal statutes prohibiting discrimination and section 504 of the Social Security Act prohibiting public agencies . . . from discriminating against Social Security recipients who are aged and disabled." (Compl. (Dkt. No. 1) at 1.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, it is entirely unclear from a reading of plaintiff's complaint who the defendant(s) are, what the defendant(s) allegedly did wrong and what causes of action plaintiff is attempting to allege against those defendants. Plaintiff's complaint refers "federal statutes prohibiting discrimination." (Compl. (Dkt. No. 1) at 1.) However, it is entirely unclear as to what statutes plaintiff is referring to. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Title II of the Americans with Disabilities Act prohibits discrimination on the basis of disability, as follows: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).[1]

Accordingly, due to all of these noted deficiencies, plaintiff's complaint will be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While

---

[1] Plaintiff is cautioned that this is not intended to be an exhaustive list of all federal statutes that prohibit any form of discrimination.

legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed November 5, 2014 (Dkt. No. 1) is dismissed with leave to amend.[2]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  April 30, 2015

DAD:6
Ddad1\orders.pro se\ferrantino2590.dism.lta.ord.docx

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.